FILED

2026 May-01  PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **SIERRA TAYLOR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.:_____** |
| ) | |
| **CITY OF DECATUR, ALABAMA,** ) | |
| **JACK BROWN,** ) | |
| ) | |
| **Defendants.** ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendants City of Decatur, Alabama ("City") remove this action from the Circuit Court of Morgan County, Alabama, where it is currently pending as Civil Action Number: 52-CV-2026-900169.00, to the United States District Court for the Northern District of Alabama, Northeastern Division. As grounds for removal, the City states as follows:

1.      Plaintiff Sierra Taylor commenced this action by filing a complaint on March 28, 2026, in the Circuit Court of Morgan County, Alabama, against the City and defendant Jack Brown. (Compl.).

2.      The City was served with a copy of the summons and complaint on April 1, 2026. The removal of this action is therefore timely under 28 U.S.C. § 1446(b) because this notice of removal was filed within 30 days of the date that the City was served.

1

3.     The City removes this action on the basis of federal question jurisdiction. In the complaint, plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for the alleged violation of her rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. (Compl. at 5-6). All of these claims are based on plaintiff's allegations that Defendant Jack Brown wrongfully arrested plaintiff and used excessive force while doing so. (Id. at 1-4). Plaintiff's claims under 42 U.S.C. § 1983 invoke the Court's original federal question jurisdiction under 28 U.S.C. § 1331 because they "aris[e] under the Constitution[] [and/or] laws … of the United States." Accordingly, this action is properly removable pursuant to 28 U.S.C. § 1441.

4.     Plaintiff also asserts a state-law claim of "Assault and Battery" against defendant Brown. (Compl. at 6-7). As with her claims asserted under federal law, plaintiff's state-law claims against Brown are based on the circumstances of her arrest by Brown. This state-law claim is so related to plaintiff's federal claims that they form part of the same "case or controversy" within the meaning of Article III of the United States Constitution. Accordingly, the Court, in addition to having federal question jurisdiction over plaintiff's claims under 42 U.S.C. § 1983 as shown above, also has supplemental jurisdiction over plaintiff's state-law claim pursuant to 28 U.S.C. § 1367(a).

5.      Brown has not yet been served with a copy of the summons and complaint, so his consent to removal is not required. 28 U.S.C. § 1446(b)(2)(A) (requiring that "all defendants **who have been properly joined and served** must join in or consent to the removal of the action") (emphasis added). Nevertheless, Brown concurs with removal.[1]

6.      In accordance with 28 U.S.C. § 1446(a), the City has attached to this notice of removal a true and correct copy of all process, pleadings, and orders that were served upon it while this action was pending in the Circuit Court of Morgan County, Alabama. (Exhibit A).

7.      Additionally, in accordance with 28 U.S.C. § 1446(d), the City will promptly provide written notice to plaintiff of the removal of this action and will file a copy of this notice of removal with the Clerk of the Circuit Court of Morgan County, Alabama.

8.      Pursuant to Fed. R. Civ. P. 81(c)(2)(C), the City will file a response to the complaint within seven days of the filing of this notice of removal.

WHEREFORE, the City respectfully requests the Court to accept jurisdiction over this action and to enter such orders as may be appropriate to effect the removal

---

[1] The undersigned counsel for Brown inadvertently filed a Notice of Appearance in the state court proceedings even though Brown has yet to be served. Counsel for the City and Brown have conferred and agree that removal is proper.

of this action from the Circuit Court of Morgan County, Alabama, to the United

States District Court for the Northern District of Alabama, Northeastern Division.

DATED this the 1st day of May, 2026.

s/ David J. Canupp
David J. Canupp

s/ Allison B. Chandler
Allison B. Chandler

s/ Andrew T. Toler
Andrew T. Toler

LANIER FORD SHAVER & PAYNE, P.C.
P. O. Box 2087
2101 West Clinton Avenue, Suite 102 (35805)
Huntsville, AL 35804
Phone: 256-535-1100 / Fax: 256-533-9322
E-mail: djc@LanierFord.com
          abc@LanierFord.com
          att@lanierford.com

Attorneys for Defendant City of Decatur, Alabama

s/ Graham R. Neeley
Graham R. Neeley (ASB-2312-I48V)

BALL, BALL, MATTHEWS & NOVAK, P.A.
P.O. Box 2148
445 Dexter Avenue, Suite 9045 (36104)
Montgomery, AL (36102-2148)
Phone: 334-387-7680
Email: gneeley@ball-ball.com

Attorney for Defendant Jack Brown

4

## CERTIFICATE OF SERVICE

I certify that on this 1st day of May 2026, I have filed the foregoing with the Clerk of the Court using the ECF System, which will send notification of such filing to those parties of record who are registered for electronic filing, and further certify that those parties of record who are not registered for electronic filing have been served by mail by depositing a copy of the same in the United States mail, first class postage prepaid and properly addressed to them as follows:

Carl Cole
The Cole Law Firm
P.O. Box 2064
Decatur, Alabama 35602
Phone: 256-353-0550
Fax: 256-353-0552
Email: carl@carlcolelaw.com

Charles R. Prickett
COLE PRICKETT, LLC
601 Bank Street
Decatur, AL 35601
Phone: 256-353-0550
Fax: 256-353-0552
E-Mail: russ@carlcolelaw.com

s/ David J. Canupp
David J. Canupp